UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAZARO CABRERA and GEORGIA L. ("LORI") DAVIS,**

    **Plaintiffs,**

**v.**                                          **Case No: 5:10-CV-415-Oc-34PRL**

**TOWN OF LADY LAKE, FLORIDA**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion for Costs and Expenses (Doc. 100) which the District Judge referred to the undersigned for the preparation of a Report and Recommendation. (Doc. 106). For the reasons discussed below, Defendant's Motion should be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

On March 28, 2013, the Court granted Defendant's motion for summary judgment. (Doc. 98). That same day, judgment was entered in favor of Defendant as to all claims by Plaintiffs, with Defendant to recover its costs of action. (Doc. 99).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Defendant then filed the instant Motion for costs and expenses (Doc. 100) requesting costs in the total sum of $7,627.18. Defendant attached a bill of costs and supporting documentation to its Motion. Plaintiffs filed a response in opposition. (Doc. 103). While Plaintiffs do not dispute that Defendant is generally entitled to an award of costs, they challenge certain proposed costs as unnecessary or not authorized by statute.

## II. DISCUSSION

Rule 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." As the Eleventh Circuit has noted, "that provision establishes a *presumption* that costs are to be awarded to a prevailing party." *Chapman v. AI Transport*, 229 F. 3d 1012, 1038 (11th Cir. 2000)(*emphasis added*)("[The presumption that costs are to be awarded to a prevailing party rests, in part, on the concept that] denial of costs is in the nature of a penalty for some defection on the prevailing party's part during the litigation."). Although the rule vests the Court with discretion of "great latitude," *Loughan v. Firestone Tire & Rubber Company*, 749 F. 2d 1519, 1526 (11th Cir. 1985), it does not bestow upon the Court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case ... [such discretion] should be sparingly exercised with reference to expenses not specifically allowed by statute." *Daugherty v. The Westminster Schools, Inc.*, 174 F.R.D. 118, 123 (N.D. Ga. 1997), *citing Farmer v. Arabian Am. Oil Company*, 379 U.S. 227, 235 (1964).

28 U.S.C. §1920 enumerates expenses that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making

copies of any materials where the copies are necessarily obtained for use in the case. When challenging whether costs are taxable, the losing party bears the burden to demonstrate that the cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party. *Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.*, 385 F.Supp.2d 1272, 1288 (M.D. Fla. 2005).

### A. Deposition Transcripts

Defendant seeks to recover $6,473.52[2] in court-reporter fees for the depositions of thirteen witnesses.[3] Section 1920(2) authorizes the taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Even though §1920(2) does not specifically use the word "deposition," deposition transcript costs are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). District courts are afforded great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Id.*; *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, the costs of the deposition are taxable unless the deposition was not related to an issue present in the case at the time of the deposition. *Luka v. City of Orlando,* No. 6:07-cv-841-Orl-22GJK, 2011 WL

---

[2] In its motion and bill of costs, Defendant seeks to recover $6,553.32 for deposition costs. However, the actual total fees sought for deposition transcripts is $6,473.52. Invoice No. 154503 states its total is $1,175.95 but the items on that invoice only total $1,096.15. (Doc. 100 at 23).

[3] Although not specifically mentioned in Defendant's motion, the invoice for Vernon Wherry's deposition is attached to the motion (Doc. 100 at 21) and the fees for his deposition are included in the total fees requested by Defendant.

4837263, at *6 (M.D. Fla. September 23, 2011). Moreover, "[t]he determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial." *Coleman v. Roadway Express*, 158 F.Supp.2d 1304, 1310 (M.D. Ala. 2001).

Defendant took the deposition of five witnesses – Plaintiffs Lazaro Cabrera and Georgia L. Davis and non-parties Richard Parrish, Chris Mullen, and David Hicks – and had those depositions transcribed. (Doc. 100 at 19, 23, 27). Plaintiffs concede that the depositions of Cabrera, Davis and Hicks were necessarily obtained for use in this case since Defendant relied upon them in support of its motion for summary judgment. (Doc. 103 at 3). Although Defendant did not rely upon the depositions of Parrish and Mullen, the Court nonetheless concludes that their depositions were also necessarily obtained by Defendant for use in this case. Indeed, the Order granting summary judgment (Doc. 98) underscores the central roles that both of these witnesses played in the events giving rise to Plaintiffs' claims.

Defendant also obtained transcripts of depositions taken by Plaintiffs – Chief Ed Nathanson, Andy Crogan, Shane Barrett, Kris Kollgard, Leo Smith, Vernon Wherry, Tia O'Neal, and Chief Chris McKinstry (the current Chief of the Lady Lake Police Department). (Doc. 100 at 21-22, 24-26).[4] The fact that these depositions were not cited in Defendant's motion for summary judgment is not dispositive. Indeed, "even where a deposition is not ultimately used as part of a prevailing party's case, [the Eleventh Circuit has] held that the costs of the deposition are taxable under §1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake County*, 492 Fed.Appx. 991, 996-97 (11th

---

[4] It appears that Plaintiffs also took the deposition of Parrish and Defendant obtained a copy of that transcript. (Doc. 100 at 26).

Cir. 2012). At the most basic level, Plaintiffs chose to take these depositions, presumably because they believed they were related to issues present in the case. Moreover, in reviewing the record, including Defendant's motion for summary judgment (Doc .57), Plaintiffs' response thereto (Doc. 61), and the Court's Order granting summary judgment (Doc. 98), it is readily apparent that these witnesses were involved in the events alleged in Plaintiffs' amended complaint (Doc. 31). Accordingly, the Court concludes that the deposition transcripts are taxable.

However, the invoices submitted in support of Defendant's request for deposition costs reflect that, in addition to the cost of the actual transcripts, Defendant is seeking reimbursement of fees for condensed and expedited transcripts, copies of exhibits, and shipping and handling charges. (Doc. 100 at 19-27). Plaintiffs argue that these additional costs are not reimbursable under §1920. The Court agrees.

As an initial matter, although seeking to recover these additional costs, Defendant has not offered any explanation or argument as to why these costs should be recoverable. Courts have found that the costs of condensed and expedited services, as well as the costs of deposition exhibits, are reimbursable when they are necessarily obtained for use in the case, and not just for the convenience of counsel. *See e.g., Awwad v. Largo Medical Center, Inc*., No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013); *Tampa Bay Water v. HDR Engineering, Inc.,* No. 8:08-cv-2446-T-27TBM, 2012 WL 5387830, at *19 (M.D. Fla. Nov. 2, 2012). In the absence of any explanation by Defendant as to why condensed and expedited transcripts and copies of deposition exhibits were necessarily obtained, the Court is unpersuaded that these additional costs should be charged to Plaintiffs. With respect to the delivery and

handling costs, the Eleventh Circuit has held that shipping costs related to the depositions are generally not taxable. *See Watson v. Lake County*, 492 Fed.Appx. 991, 997 (11th Cir. 2012); *Awwad*, 2013 WL 6198856, at *4. Defendant has offered no argument as to why the circumstances in this case justify charging delivery and handling costs to Plaintiffs. For these reasons, the undersigned recommends that the Court deduct: $301.50 for an expedited transcript;[5] $210.00 for condensed transcripts; $66.55 for exhibit copies; and $146.17 for delivery and handling.

Thus, the undersigned recommends that deposition costs should be approved in the amount of $5,749.30.

### B. Copying Costs

Defendant seeks to recover $127.40 in copying costs that it contends were "necessarily incurred to effectively litigate this case." Pursuant to 28 U.S.C. § 1920(4), fees for exemplification and copies of any materials necessarily obtained for use in the case are properly taxed as costs. Plaintiff does not object to the charges for copying. Accordingly, copying costs in the amount of $127.40 should be approved.

### C. Printing and Witnesses

Plaintiffs object to Defendant's request to tax $158.60 in costs in obtaining documents from Plaintiff Cabrera's former employer, the City of Sweetwater and "other public records requests" from the Town of Fruitland Park. (Doc. 100 at 29-30). These are essentially copying

---

[5] The only expedited charge is reflected on the invoice from Boss Certified Realtime Reporting, Inc. for the deposition of Richard Parrish (Doc. 100 at 26). Although not entirely clear, it appears that the charge of $301.50 was for the expedited transcript.

6

costs. As the prevailing party, Defendant must provide information regarding the purpose of copies charged so the court can determine whether the copies were necessarily obtained for a reimbursable use in the case. *See Awwad,* 2013 WL 6198856, at *5-6. Here, Defendant has failed to offer any information regarding these documents, and thus, the Court cannot evaluate whether the copies were necessarily obtained. Accordingly, Defendant's request for printing costs in the amount of $158.60 should be denied.

Plaintiffs also object to Defendant's request to recover $337.86 in costs incurred in serving subpoenas upon non-parties, Parrish and Mullen, in advance of their respective depositions as well as witness fees. As discussed above, the undersigned has already concluded that these depositions were necessarily obtained for use in this case. However, the undersigned finds that the requested fees should be reduced as follows.

Defendant has submitted invoices from ProServe USA reflecting $55.00 in fees for service of process as to Parrish and Mullen. (Doc. 100 at 14-15). Private process servers may be awarded under §1920(1) to the extent they "do not exceed the statutory fees authorized in §1921," which is $55.00 per hour for each item served, plus travel costs and out-of pocket expenses. *E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. §0.114.[6] Thus, the service of process fees of $55.00 per witness should be approved. However, the $5.00 "Advanced Funds Fee" should not be charged to Plaintiffs as Defendant has not even explained what it is.

---

[6] 28 CFR §0.114 was amended to allow $65 per hour, effective October 30, 2013. The subject subpoenas were served in February 2012.

Likewise, witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821, which permits, *inter alia,* a witness payment of $40.00 per day for attendance in court or at a deposition. Because Defendant seeks to recover more than the amount allowed by statute, and Defendant has offered no explanation as to why the excess fees are recoverable, the undersigned recommends that the reimbursable witness fees for Parrish and Mullen be reduced to $40.00 per witness.

Defendant also seeks to recover $44.00 in witness fees for Hicks' attendance at his deposition. This includes the $40.00 attendance fee plus $4.00 for mileage. (Doc. 100 at 12). Plaintiffs have raised no objection to these fees. Accordingly, the requested fees should be approved.

In sum, witness fees should be approved in the amount of $234.00.

**D.     Mediation**

Defendant seeks to recover $450.00 in mediation fees. Defendant argues that because the mediation was court-ordered, it is entitled to recover the costs it incurred in the mediation. Plaintiffs object to the requested costs as impermissible under §1920. The undersigned agrees.

Courts in the Middle District have consistently held that costs associated with mediation, court-ordered or not, are not recoverable under §1920. *See e.g., Fantroy v. Publix Super Markets, Inc.,* No. 8:12-cv-1940-T-33EAJ, 2014 WL 408426, at *4 (M.D. Fla. Feb. 3, 2014); *Lane v. G.A.F. Material Corp.*, No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013); *Hoewischer v. Khazraee*, No: 3:11-cv-264-J-34MCR, 2012 WL 6761657, at *3 (M.D. Fla. Dec. 6, 2012). Moreover, as Plaintiffs point out, the Eleventh Circuit on two occasions has affirmed a district court's ruling that mediation fees were not taxable. *See*

*Nicholas v. Allianceone Recievable Mgmt.*, 450 Fed. Appx. 887, 888 (11th Cir. Fla. 2012); *Gary Brown & Assocs., Inc. v. Ashdon, Inc*., 268 F. App'x. 837, 846 (11th Cir. 2008).

Accordingly, Defendant's request for mediation costs in the amount of $450.00 should be denied.

### III. CONCLUSION

Based on the foregoing, it is respectfully recommended that:

1. Defendant's Motion (Doc. 100) should be **GRANTED** in part and **DENIED** in part as stated in the body of this Report and Recommendation;

2. Costs should be taxed against Plaintiffs in the total sum of **$6,110.70**.

**IN CHAMBERS** in Ocala, Florida, on May 20, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to
United States District Judge
Counsel of Record
Unrepresented Parties